# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

### CASE NO:

JOSEPH TOMASONE,

    Plaintiff,

v.

HUB CYBER SECURITY INC.,
a California Stock Corporation,

    Defendant.

_____/

## COMPLAINT

Plaintiff, JOSEPH TOMASONE ("Mr. Tomasone" or "Plaintiff"), by and through his undersigned counsel, files this Complaint against Defendant, HUB CYBER SECURITY INC. ("HUB" or "Defendant"), and states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. This is an action for damages exceeding $75,000.00, exclusive of attorneys' fees, interest, and costs.

2. Plaintiff is an individual who, at all times relevant, resided in Pasco County, Florida.

1

3. Upon information and belief, Plaintiff is a "citizen" of the State of Florida for the purposes of diversity jurisdiction.

4. HUB is a California stock corporation located in Beverly Hills, California, that at all times material, operated and conducted business in Pasco County, Florida, and is therefore within the jurisdiction of this Court.

5. Upon information and belief, HUB is a "citizen" of the State of California for the purposes of diversity jurisdiction.

6. This court has jurisdiction over Plaintiff's claims because, at all times material to this Complaint, Plaintiff was performing substantial business on behalf of Defendant in Pasco County, Florida.

7. The illegal conduct complained of and the resultant injury occurred within the judicial district in and for Pasco County, Florida, and venue in this Court is therefore proper pursuant to 28 U.S.C. § 1391(b).

**FACTUAL ALLEGATIONS**

8. Plaintiff worked for Defendant remotely in Pasco County, Florida, as Director of Solution Engineering, North America, from May 1, 2022, until his separation from Defendant on March 8, 2023.

9. Pursuant to the terms of Mr. Tomasone's binding Employment Agreement with HUB, HUB offered to pay Plaintiff a salary and other

compensation. *See* Employment Agreement ("Agreement"), a true and correct copy of which is attached hereto as Exhibit "A."

10. Mr. Tomasone accepted HUB's offer and terms of employment and began to work on this basis and in consideration of HUB's offer of compensation and the Agreement.

11. Under the terms of the Agreement, Mr. Tomasone was entitled to a cash bonus for achievement of performance goals. *See* Exhibit "A," § 2(b).

12. Mr. Tomasone met his performance targets in Quarters 2 and 3 of 2022, entitling him to $33,753.30 in cash bonuses.

13. HUB failed to pay Mr. Tomasone the $33,753.30 in cash bonuses that he earned under the Agreement during his employment with HUB.

14. HUB also agreed to pay Mr. Tomasone a monthly cash stipend, beyond his salary, of $22,500.00, during the term of the Agreement. *See* Exhibit "A," § 2(d).

15. Under the Agreement, HUB's obligation to Mr. Tomasone for the monthly cash stipend totaled $225,000.00, representing the ten (10) months of Mr. Tomasone's employment under the Agreement.

16. During Mr. Tomasone's employment with HUB, HUB paid only $2,057.92 per month to Mr. Tomasone towards the agreed monthly cash stipend of $22,500.00.

17. HUB failed to pay Mr. Tomasone the further agreed $204,421.00 in monthly cash stipends to Mr. Tomasone.

18. Throughout his tenure with HUB, Mr. Tomasone performed all the work necessary to vest his earned cash bonuses and monthly cash stipends pursuant to Florida law

19. On March 8, 2023, HUB terminated Mr. Tomasone's employment.

20. However, HUB failed to pay Mr. Tomasone his outstanding earned cash bonuses, and failed to pay Mr. Tomasone the aforementioned monthly cash stipend amounts.

21. In total, HUB owes Mr. Tomasone approximately $33,753.30 in earned cash bonuses, and $204,421.00 in cash stipends, for a total of $238,174.30.

22. HUB's failures to pay Mr. Tomasone's earned cash bonuses and monthly cash stipends constitute material breaches of the Agreement.

23. Mr. Tomasone has been damaged by HUB's material breaches of the Agreement in violation of Florida law. *See* Fla. Stat. § 448.

24. HUB is liable to Mr. Tomasone for contractual damages and associated attorneys' fees and costs, as HUB purposefully failed to compensate Mr. Tomasone in violation of law.

25. During Mr. Tomasone's period of employment with HUB, neither party changed the terms of the Agreement or the relevant commissions calculations.

26. To date, HUB has not paid Plaintiff the above-noted wages, despite pre-suit demand for same.

27. Instead, HUB has indicated to Mr. Tomasone that HUB has no intention of paying Mr. Tomasone the above-noted wages.

28. HUB has yet to remedy the damages caused by the earned, but unpaid, wages.

29. Plaintiff performed faithfully under the Agreement throughout the duration of his employment.

30. Plaintiff is entitled to payment of his attorneys' fees and costs as a prevailing party upon recovery of the wages owed. *See Gulf Solar, Inc. v. Westfall*, 447 So. 2d 363, 367 (Fla. 2d DCA 1984); *D.G.D., Inc. v. Berkowitz*, 605 So. 2d 496, 498 (Fla. 3d DCA 1992).

31. Accordingly, in light of the foregoing failure to pay earned wages, and the material breaches of the Agreement, Plaintiff is entitled to the uncompensated pay, interest, and attorneys' fees and costs.

32. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., in order to represent him in the litigation, and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## BREACH OF CONTRACT

33. Plaintiff re-alleges and incorporates all allegations contained within Paragraphs 1 through 32 of the Complaint as if fully set forth herein.

34. Plaintiff and HUB entered into an Agreement to pay for Plaintiff's wages.

35. Pursuant to the parties' Agreement, HUB agreed to compensate Plaintiff according to the terms specified above.

36. Plaintiff worked for HUB in reliance on the Agreement and as consideration for same.

37. HUB willfully failed to pay Plaintiff the wages, bonuses, and stipends due under the Agreement, despite pre-suit demand for same, thereby breaching the Agreement.

38. Plaintiff has been damaged due to HUB's willful failure to pay Plaintiff the appropriate agreed-upon compensation.

39. Plaintiff is entitled to payment of all monies agreed to by HUB under the Agreement.

40. Pursuant to § 448.08, Florida Statutes, Plaintiff is entitled to costs of this action and reasonable attorneys' fees.

**WHEREFORE**, Plaintiff requests judgment against HUB for damages and pre-judgment interest, together with costs of suit and reasonable attorneys' fees, and such other and further relief as this Court may deem just and proper.

DATED this 21st day of June, 2023.

Respectfully Submitted,

**_By: /s/ Noah Storch_**
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*